### MELLON vs. BUCKS & AL.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the

MELLON
vs.
BUCKS & AL.

Abandonment transfers the property to the insurers without any acceptance on their part.

And after abandonment the insured cannot maintain an action against the owners and master of the vessel for not having delivered the property.

Nor can he maintain it on the ground that he is a *negotiorum gestor* of the insurers, when one of the objects of the suit is to take funds out of their hands which they have a right to hold in consequence of the abandonment.

court. This suit was commenced by attachment against two of the defendants as owners, and the other as master of a schooner called the Samuel Smith.

The plaintiff claims the value of certain goods, alleged by him to have been shipped on board the vessel aforesaid, at the port of New Orleans, to be carried to Port-au-Prince, which the master failed and neglected to do, whereby he and the owners became liable to pay the amount claimed, &c. The right or credit attached, as appears by the answers of the garnishees, is a debt which may be due from the Louisiana State Insurance Company to the defendants, on two policies of insurance, obtained for their benefit on the vessel and freight, &c. Judgment of non-suit was pronounced in the court below; from which the plaintiff appealed.

The evidence of the case seems to establish the following facts:—That the plaintiff shipped his property on board the schooner above mentioned, owned by two of the defendants, and commanded by the third, to be carried from New Orleans to Port-au-Prince; that he caused to be effected insurance on the goods or property thus shipped, in the office of the

Louisiana State Insurance Company; that in the same office the defendants obtained two policies of insurance—one on the vessel, and the other on the freight; that the schooner sailed from the port of New Orleans, on the intended voyage to Port-au-Prince, but was compelled by stress of weather to put into the port of Savannah, where she was condemned as unseaworthy; and her cargo sold in consequence of the master being unable to procure for it a immediate conveyance to the port of destination, and its being composed of articles in their nature liable to deteriorate, &c. It is farther shewn that prior to the commencement of the present action, the plaintiff abandoned the property now in dispute to the insurers, and claimed remuneration or indemnity on his policy as for a total loss, and that he is now pursuing said claim in a court of competent jurisdiction. The insurers do not appear to have formally accepted the abandonment, or to have exercised any acts of ownership on the property abandoned.

This statement of the cause presents two questions for solution :—First. Is the insured, after abandonment not accepted, and without any expression of will to relinquish his claim under it against the insurers, still to be con-

Eastern Dis'ct
Feb'ary, 1827

MELLON
vs
BUCKS & AL.

sidered owner of the property abandoned, so far as legally to entitle him to maintain the present suit?—Second. If he cannot maintain it as owner, may he do so as agent for the insurance company, which is contended for by his counsel?

If the abandonment was made under circumstances which legally authorised such a step on the part of the insured, the insurers being bound to indemnify him as for a total loss, must be considered as having become owners of the property which was abandoned *ipso facto,* without any formal acceptance, but merely as a consequence necessarily following from the nature of the contract of insurance. On receiving information of the accident which affected the vessel and her cargo, the plaintiff was bound to consider and determine whether, according to occurrences, he would abandon to the insurers, and pursue them as for a total loss; or retain his right to the property insured, and prosecute for a partial damage or injury. He has chosen the former mode of pursuit, and by so doing has divested himself of all title to the property claimed in the present suit, and transferred it to the insurance company, at least so far as his will was con-

cerned in the transaction. This change of property and ownership it is perceived, is based on the presumption of the abandonment having been legally made, and this presumption may stand so far as it affects the interest of the insured until the contrary be proven ; nor has he any right to complain of it, because it arises directly out of his own conduct. If he has really discovered since the abandonment, that his claim under it for a total loss cannot legally be sustained, he might, perhaps, have relinquished it before acceptance, and adopted the present mode of pursuit ; but so far from that, it is in evidence that he is still pursuing the insurers to obtain full indemnity in consequence of his abandonment. We, therefore, conclude that as owner he cannot maintain the present action. See 6 *Cranch*, 268, 1 *Caines*, p. 292. *Phil. Ins.* p. 458.

In relation to the second question proposed, it must be admitted as a general principle, that in cases of abandonment, the original owners of property abandoned and their agents become the *negotiorum gestores* of the underwriters, for all beneficial purposes relative to the interest of the latter.

EasternDis'ct
Feb'ary,1827

MELLON
vs
BUCKS & AL.

But in order to give validity to acts of such *quasi agents,* it is necessary that their conduct should be such as tends directly to benefit those whose affairs have thus, *ex necessitate,* fallen under their care and management. The very authority itself to act, and all rights and claims of a *negotiorum gestor,* arising out of his acts, are founded on advantage and benefit conferred on the persons, for whom he has assumed agency ; or when it has been unavoidably thrown on him. Now to shew that the plaintiff cannot bring himself under the influence and protection of the rules which are applicable to agents who act without previous and direct authority from persons whose business they undertake to conduct, we need only state the avowed object and intention of the present suit, in relation to the insurance company, whose officers have been summoned as garnishees. The plaintiff wishes to take from them funds which they hold in their hands, or money which they may be liable to pay to the defendants, who, under the abandonment made, are responsible to them for the property or its proceeds by him insured and abandoned: and this is demanded, as agent, *ex necessitate,* of the insurers. in

the city where they reside, and for their benefit.

It is equally difficult to perceive how one person can become agent for another, as a necessary consequence of their situation, when they are both residents of the same place, and at the same time; and it is equally as difficult to perceive how the principal would be benefitted by the conduct of such pretended agent, in taking funds out of the possession of the former.

Whether the abandonment (by the plaintiff in this action) to the insurers has been made under circumstances which will entitle him to recover, as for a total loss, can only be determined absolutely in the decision of the suit which he has instituted, and is still carrying on against them to obtain full and entire indemnity. Until the contrary be shewn, we must presume that he has proceeded according to law and the justice of his case in that action, and will in the end succeed; in which event, the present defendants will become undoubted debtors to the insurance company for the value of the goods abandoned. And if the latter should prove to be their debtors, in consequence of the policies effected on the vessel

and freight, compensation will legally take place between these parties: and certainly the underwriters, in anticipation, contrary to fair presumption, and without any good cause shewn, ought not to be compelled to give up a debt which may be thus compensated. The confusion and contradiction created by the double pursuit against the owners of the vessel and the insurers of the cargo, to recover from the latter, indemnity for certain loss; and from the former, the property itself—have caused a more lengthy discussion of the case, than its real difficulties require, particularly relative to the second question: for scarcely any thing can be imagined more inconsistent, than a kind of agency, the avowed object of which is to transfer from the principal to the agent, property which the former has an equal, if not a greater right to hold, than the latter.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Watts & Lobdell* for the plaintiff, *Strawbridge* for the defendants.